# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA S. MCCORKHILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-00656-TWP-MJD |
| | ) |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

## ENTRY ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff, Rebecca S. McCorkhill's ("Ms. McCorkhill"), appeal of the Administrative Law Judge's decision denying her application for Disability Insurance Benefits ("DIB"). Pursuant to 28 U.S.C. § 636, the Court referred the matter to the Magistrate Judge (Filing No. 28), who submitted his Report and Recommendation on May 22, 2014, recommending that the decision of the Commissioner be affirmed (Filing No. 37). Ms. McCorkhill timely filed objections to the Magistrate Judge's Report and Recommendation (Filing No. 38). For the reasons set forth below, the Court **OVERRULES** Ms. McCorkhill's objections, and **ADOPTS** the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

The relevant facts of this appeal are set forth in detail in the Magistrate Judge's Report and Recommendation. Ms. McCorkhill suffers from several severe and non-severe impairments, including degenerative disc disease of the cervical and lumbar spine, and depression/bereavement. She filed an application for DIB on August 31, 2009, alleging a disability onset date of July 21, 2009. Her claim was denied initially and upon reconsideration. Administrative Law Judge James

Norris ("the ALJ") held hearings on June 24, 2011, November 10, 2011, and January 23, 2012. The ALJ denied Ms. McCorkhill's claim on January 30, 2012, and the Appeals Council denied her request for review on February 21, 2013.

## II. LEGAL STANDARD

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the magistrate judge's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Proc. 72(b). The district court "'makes the ultimate decision to adopt, reject, or modify' the report and recommendation, and it need not accept any portion as binding;" the court may, however, defer to and adopt those conclusions where a party did not timely object. *Sweet v. Colvin*, No. 1:12–cv–00439–SEB–TAB, 2013 WL 5487358, *1 (S.D. Ind. Sept. 30, 2013) (quoting *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009)).

## III. DISCUSSION

Ms. McCorkhill raises five objections to the Magistrate Judge's Report and Recommendation. She alleges that Magistrate Judge Dinsmore erred: 1) in affirming the ALJ's finding that she was not disabled due to chronic neck and low back pain, based upon allegations that the ALJ ignored testimony by Karl Manders, M.D. ("Dr. Manders"); 2) in his discussion of Richard Hutson's, M.D. ("Dr. Hutson") testimony regarding Ms. McCorkhill's pain; 3) regarding the ALJ's consideration of Schvon Cummings', M.D. ("Dr. Cummings") evaluation; 4) regarding the ALJ's credibility determination; and 5) regarding the ALJ's step 4 determination. The Court finds no reversible error on the basis of each of these objections and will address each in turn.

### A. Dr. Manders' Opinion Testimony

Ms. McCorkhill argues the ALJ erred by ignoring Dr. Manders' testimony in his opinion, and that the Magistrate Judge's review of Dr. Manders' testimony was improper post hoc rationalization. The Report and Recommendation explains that Dr. Manders stated at the first hearing that he was not a psychologist and could not testify as to Ms. McCorkhill's psychological impairments that may be contributing to her claims of chronic pain. Filing No. 37, at ECF p. 7. This is consistent with the ALJ's opinion, stating that the hearing at which Dr. Manders testified— the June 24, 2011 hearing—was continued because it was "apparent the proper medical experts had not been convened." Filing No. 15-2, at ECF p. 18. This is also consistent with Ms. McCorkhill's own assessment of the ALJ's opinion in her brief, which stated "[t]he ALJ's only explanation was that he believed that Dr. Manders was not a proper medical expert." Filing No. 25, at ECF p. 12. Thus, the ALJ's opinion does provide support for his failure to consider Dr. Manders' testimony, specifically that the ALJ considered that Dr. Manders was not a proper medical expert—and the Magistrate Judge's Report and Recommendation on this issue is not erroneous.

### B. Dr. Hutson's Testimony

Next, Ms. McCorkhill argues that the Magistrate Judge's review erroneously concluded that Dr. Hutson did not testify regarding her pain, and that the ALJ erroneously ignored Dr. Hutson's testimony. However, the Court finds that both the Magistrate Judge and the ALJ properly addressed and characterized Dr. Hutson's opinion testimony. The Magistrate Judge addressed the fact that Dr. Hutson did not testify about how Ms. McCorkhill's psychological impairments had an impact on her subjective complaints of pain, not that he did not testify regarding her pain from other causes. Filing No. 37, at ECF p. 8. In addition, the ALJ properly addressed Dr. Hutson's

opinion regarding Ms. McCorkhill's degenerative disc disease, and she ignores that the ALJ adopted Dr. Hutson's opinion with regard to her physical limitations in the ALJ's residual functioning capacity assessment. Filing No. 15-2, at ECF p. 26. Ms. McCorkhill does not identify any aspects of Dr. Hutson's opinion that would support a finding of disability and which the ALJ failed to consider. The Court finds that neither the Magistrate Judge nor the ALJ committed error with respect to Dr. Hutson's opinion testimony.

**C.     Dr. Cummings' Opinion Testimony**

Ms. McCorkhill also argues that the Magistrate Judge erroneously determined that the ALJ properly explained his rejection of Dr. Cummings' evaluation. However, the ALJ adequately addressed the reasons why he gave little or no weight to Dr. Cummings' opinion, stating that the proposed limitations "are inconsistent with his own findings upon examination" and were "not supported by the objective or clinical findings documented in the claimant's medical evidence of record." Filing No. 15-2, at ECF p. 27. The ALJ also noted that Dr. Cummings is a pediatric psychiatrist, and therefore his opinion was outside his area of expertise. *Id.* The Magistrate Judge likewise found the ALJ properly articulated that Dr. Cummings' opinions were inconsistent with his own medical findings. Filing No. 37, at ECF p. 9. There is no requirement that the ALJ point to specific findings in the record that are inconsistent with a medical expert's opinion, as the ALJ needs only to minimally articulate the basis for his conclusions. *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) ("An ALJ may discount a treating physician's medical opinion . . . when the treating physician's opinion is internally inconsistent."). The Court finds that neither the Magistrate Judge nor the ALJ erred in the assessment of Dr. Cummings' opinion.

4

**D.     Credibility Determination**

Additionally, Ms. McCorkhill argues that the Magistrate Judge erred when he accepted the ALJ's credibility determination because the Magistrate Judge overlooked that the ALJ ignored or misinterpreted evidence supporting her total disability. Ms. McCorkhill argues that the ALJ ignored evidence from Dr. Manders, Dr. Kobza, and Dr. Cummings that allegedly support a finding of disability. As previously discussed, the ALJ properly addressed why the opinions of Dr. Manders and Dr. Cummings were disregarded, and the ALJ's opinion does extensively address the findings of Dr. Kobza, concluding that Dr. Kobza was unable to pin-point the origins of Ms. McCorkhill's allegations of pain. Filing No. 15-2, at ECF pp. 26-27. The ALJ found that there was insufficient objective medical evidence to support Ms. McCorkhill's subjective complaints of pain and her alleged limitations. Filing No. 15-2, at ECF p. 24. Ms. McCorkhill is essentially asking this Court to reweigh the evidence to reach a different conclusion from that of the ALJ, which is not the proper legal standard on appeal. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The Court finds that there was no error in the Magistrate Judge's conclusions regarding the ALJ's credibility determination.

**E.     Step 4 Determination**

Finally, Ms. McCorkhill argues that the Magistrate Judge erroneously determined that the ALJ adequately explained his rejection of Dr. Cummings' evaluation, and that the ALJ's step 4 determination is contrary to Social Security Ruling 82-62. As previously discussed, the Magistrate Judge properly found that the ALJ adequately articulated his reasons for rejecting Dr. Cummings' evaluation. Further, Ms. McCorkhill does not explain how the ALJ's step 4 determination is contrary to SSR 82-62 and asserts this in only a conclusory statement; thus, this argument is waived.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that there is no error in the Magistrate Judge's Report and Recommendation and therefore **OVERRULES** Ms. McCorkhill's objections. ([Filing No. 38](#)). The Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation affirming the Commissioner's decision ([Filing No. 37](#)).

SO ORDERED.

Date: 9/29/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov